IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Child Evangelism Fellowship of South Carolina, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 8:04-1866-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| Anderson School District 5, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Child Evangelism Fellowship, Inc. of South Carolina's ("Child Evangelism") motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, Rule 54(d) of the Federal Rules of Civil Procedure, and Local Civil Rules 54.02 and 54.03 of the District of South Carolina.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case is on remand from the United States Court of Appeals for the Fourth Circuit. On December 15, 2006, the Fourth Circuit held that the Defendant's policy governing access to school facilities "exceeds the bounds permitted by the First Amendment." Child Evangelism Fellowship of S.C. v. Anderson School Dist. Five, 470 F.3d 1062, 1074 (4th Cir. 2006). The Fourth Circuit reversed the judgment of this court and remanded the case with instructions to refund Child Evangelism Fellowship's ("CEF") usage fees and to award such other relief as the district court determines is appropriate and consistent with the Fourth Circuit's decision. Id. In addition, the Fourth Circuit held that Child Evangelism "shall also be awarded reasonable attorneys' fees." Id. at 18 n.4.

## II. DISCUSSION OF LAW

In the instant case, Child Evangelism was primarily represented by eight attorneys associated with the nonprofit organization, Liberty Counsel. Liberty Counsel seeks an award of $231,597 in attorneys' fees incurred for work performed prior to any work related to the instant motion ("litigation phase") and $7,335.95 in costs. In addition, Liberty Counsel seeks an award of $34,385.79 in attorneys' fees and $211.29 in costs for work performed in connection with the instant motion ("fees phase"). Samuel Harms ("Harms") represented Child Evangelism as local counsel and seeks attorneys' fees in the amount of $40,621. Of this total, Harms seeks $4,815 for work performed in connection with the fees phase.

"In calculating an award of attorneys' fees, a court should determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998) (internal quotation marks omitted).

> In deciding what constitutes a reasonable number of hours and rate, the district court generally is guided by the following particular factors:
>
> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. (internal quotation marks omitted); see also Daly v. Hill, 790 F.2d 1071, 1076 (4th Cir. 1986) (applying Johnson factors to a claim for attorney's fees pursuant to 42 U.S.C. § 1988).

Liberty Counsel claims to have expended a total of 601.45 hours in the litigation phase of the instant case. The time is allocated as follows: Attorney Mathew Staver ("Mr. Staver") expended 165.2 hours, Attorney Erik Stanley ("Stanley") expended 270.5 hours, Attorney Joel Oster ("Oster") expended 64.3 hours, Attorney Scott Thompson ("Thompson") expended 40.75 hours, Attorney Mary McAlister ("McAlister") expended 6.3 hours, Attorney Anita Staver ("Ms. Staver") expended 1.6 hours, Attorney David Corry ("Corry") expended 35 hours, Attorney Rena Lindevaldsen ("Lindevaldsen") (collectively "Liberty Counsel attorneys") expended 0.8 hours, Liberty Counsel's law clerk expended 2.2 hours, and Liberty Counsel's paralegals Lynette Campbell, Caddice McGuire, and Belinda Wetherington (collectively "Liberty Counsel paralegals") expended 14.8 hours. (Pl.'s Mot. Attys.' Fees 9.) Liberty Counsel contends that the following rates are reasonable hourly rates for each respective professional who performed work in the instant case: Mr. Staver, $475; Stanley, $270; Oster, $270; Thompson, $270; McAlister, $270; Ms. Staver, $175; Corry, $350; Lindevaldsen, $295; Liberty Counsel law clerk, $90; and the Liberty Counsel paralegals, $85.00. (Id.)

In addition, Harms expended 155.7 hours, and his paralegals, Paula Pheanis and Justin Alexander, expended 9.1 hours in the litigation phase. Harms contends that $225 per hour is a reasonable rate for his time, and that his paralegals' hourly rate is $85. (Id.) Therefore, counsel for Child Evangelism claims that the reasonable time expended performing legal services in connection with the litigation phase of the instant case totals 766.25 hours and seeks to recover $231,597 in attorneys' fees as a result of that work.

## A. Hours

Initially, the court is required to calculate the number of hours reasonably expended by Child Evangelism's attorneys. In making this determination, "the court should not simply accept as reasonable the number of hours reported by counsel." Espinoza v. Hillwood Square Mut. Ass'n, 532 F. Supp. 440, 446 (E.D. Va. 1982). Further, "duplicative, excessive, or redundant hours should not be compensated under § 1988." Trimper v. City of Norfolk, Virginia, 58 F.3d 68, 76 (4th Cir. 1995). In the instant case, a total of nine attorneys, five paralegals, and one law clerk expended 766.25 hours in the litigation phase of this case and 120.4 hours in the fees phase. In addition, attorneys from two law firms performed work on behalf of Child Evangelism.

First, the court finds the level of complexity of the instant case did not demand the work of nine attorneys. Child Evangelism fails to demonstrate why the case required such a large number of attorneys. Therefore, the court will not award attorney's fees for the hours expended by Ms. Staver, McAlister, and Lindevaldsen. See id. at 76-77 ("Properly reducing allowable hours because of overstaffing of attorneys is not an abuse of discretion, and indeed falls soundly within the district court's proper discretion in determining an attorney's fee award.").

Second, the court finds that the total number of hours claimed by Child Evangelism attorneys represents a great deal of "duplicative, excessive, and redundant hours." Id. at 76. The instant case did not demand complicated discovery or legal briefing so as to justify the extremely high number of hours expended by Child Evangelism attorneys. Further, while the court finds that it was proper for Child Evangelism to employ Liberty Counsel in addition to

Harms as local counsel, the high number of hours claimed as well as the high level of preparation and competence claimed by both firms leads the court to find the existence of a duplication of efforts. See Espinoza, 532 F. Supp. at 446 ("When several firms are involved, the issue of duplication can be especially difficult."). The time records submitted by Liberty Counsel and Harms support a finding of a great deal of duplication of efforts. By way of example, attorneys from both firms expended significant time preparing for oral arguments before the United States Court of Appeals for the Fourth Circuit in addition to travel time to Richmond, Virginia for the purpose of attending oral arguments. The significant time spent on the same issue by attorneys from both law firms indicates an unnecessary duplication of efforts.

Finally, the time sheets submitted by the Liberty Counsel attorneys suggest an excessive amount of time spent on tasks. By way of example, Corry, an attorney for Liberty Counsel, expended two-tenths of an hour reviewing an apology letter from Federal Express for incorrectly delivering a package addressed to the United States Court of Appeals for the Fourth Circuit. (Staver Decl. Ex. A (Liberty Counsel Accounting R. 45).) In addition, the Liberty Counsel attorneys never recorded less than two-tenths of an hour for any task, regardless of the significance of the task. (Id. Ex. A (Liberty Counsel Accounting R., generally).) In contrast, Harms' time record contains a great deal of entries for equivalent tasks that required only one-tenth of an hour to complete. (Harms Decl., generally.)

In general, the uncomplicated nature of law and discovery in the instant case did not warrant the high number of hours expended by Child Evangelism's attorneys. The case involved limited discovery and activity in this court, and unremarkable appellate activity.

Child Evangelism's attorneys are all well-experienced in First Amendment cases and claim high-end fees for their services. However, "[t]he rationale for allowing high-end fees in civil rights cases is that attorneys with experience in skill in civil rights cases will be able to avoid excess time and research on the issues." Trimper v. City of Norfolk, Virginia, 846 F. Supp. 1295, 1306 (E.D. Va. 1994). Based on the foregoing, the court will reduce the hours claimed by Child Evangelism, and finds that a total of 340 hours was a reasonable number of hours for Child Evangelism's attorneys to expend on the instant case. Further, the court finds that the hours expended by paralegals and Liberty Counsel's law clerk are reasonable. Accordingly, the court will award attorney's fees based on 2.2 hours expended by Liberty Counsel's law clerk and 23.9 hours expended by paralegals. Finally, the court finds that the costs of $7335.95 incurred by Child Evangelism during the litigation phase are well-documented, reasonable, and necessary.

### B. Rates

The court finds that the rates proposed by Liberty Counsel attorneys are unreasonable in this market. First, "the law is clear that in seeking attorney's fees under section 1988, attorneys are under a duty to minimize expenses." Trimper, 58 F.3d at 76. As stated above, a total of nine attorneys, each claiming high rates, allegedly spent a total of 740.15 hours working on behalf of Child Evangelism. Liberty Counsel contends that the high rates are justified because "lead counsel is a recognized national expert in civil rights cases . . . [and] has assembled a team of lawyers dedicated to religious liberties and civil rights." (Pl.'s Mem. Supp. Award Attys.' Fees 11.) Thus, Liberty Counsel contends that "the requested rates are

reasonable based on the experience, skill level and expertise of the counsel involved in the litigation of the case." (Id. 11.)

While not determinative, Anderson School District 5 ("Defendant") billed approximately $42,400 for 330 attorney hours spent on the case. (Def.'s Mem. Opp'n Mot. Attys.' Fees Ex. 1 (Sherri H. Rodgers ("Rogers") Aff. ¶ 3).) The Defendants employed only three attorneys, one of whom billed only 5.5 hours. The rates for the Defendant's attorneys ranged between $110 and $130 per hour over the course of the case.

In addition, the Defendants submit an affidavit by Kimberly L. Anderson ("Anderson"), who is employed by the South Carolina School Boards Association ("Association"). (Id. Ex. 6 (Anderson Aff. ¶ 1).) Anderson states that in the course of her employment, she retains counsel throughout South Carolina to represent school districts and other insureds, and that the litigation for which she retains counsel "includes numerous instances of constitutional litigation, including First Amendment cases." (Id. Ex. 6 (Anderson Aff. ¶¶ 2-3).) Anderson states that in June 2004, the Association paid its retained attorneys and their assistants at the following rates: $120 per hour for partners, $100 per hour for associates, $65 per hour for paralegals, and nothing for law clerks. (Id. Ex. 6 (Anderson Aff. ¶ 4).) In addition, Anderson states that these rates were raised $10 per hour, respectively, beginning in July 2005 and continuing through the present. (Id. Ex. 6 (Anderson Aff. ¶ 5).)

In his declaration, Harms states that considering the cases he takes on a contingency basis, in 2005 he averaged approximately $285 per hour, and in 2006 he averaged $321 per hour. (Harms Decl. ¶ 16.) However, Harms does not identify the kinds of cases that resulted

7

in these fees. In addition, Harms states that he considers $225 per hour to be a reasonable rate for his time in the instant case. (Id.)

The fifth Brodziak factor requires the court to consider the customary fee for like work, and the twelfth factor requires the court to consider attorney's fees awarded in similar cases. Based on the affidavits of Rogers and Anderson, and the declaration of Harms, the court finds evidence that the customary fees for cases of this type in this market range from $110 per hour to $225 per hour. Liberty Counsel cites a number of cases approving attorney's fees in excess of $300 per hour. However, none of the cases reflect the rate in the relevant market of the District of South Carolina. See Trimper, 58 F.3d at 76 ("[T]he proper measure of fees is the prevailing market rate in *the relevant market* . . . ."). Therefore, these cases are of little to no value to an analysis pursuant to factors five and twelve in determining customary fees charged in this market and awarded in similar cases.

The sixth factor requires the court to consider the attorney's expectations at the outset of the litigation. The court agrees with Child Evangelism that under the sixth factor, the attorneys for Child Evangelism should be compensated at a higher rate than the Defendant to account for their assumption of "the risk of not receiving a fee award if litigation is unsuccessful." Espinoza, 534 F. Supp. at 450. In addition, pursuant to the ninth factor, a reasonable fee should take into account the fact that the Liberty Counsel attorneys, to varying degrees, are experienced in First Amendment cases, and that the lead counsel, Staver, is nationally recognized for his prominence as an attorney specializing in, among other things, First Amendment law. (Staver Decl., generally.) Therefore, the court will adjust the lodestar

rate for Liberty Counsel attorneys to account for the contingent nature of their fees and their reputation and experience.

Factors eight and ten counsel against an award of high-end attorneys' fees. There is no indication that the case was undesirable in the legal community, and the usage fees that the Fourth Circuit ultimately ordered the Defendant to refund to Child Evangelism were a relatively low $1545. In addition, there is no evidence regarding the opportunity cost to Child Evangelism's attorneys in representing Child Evangelism pursuant to the fourth factor. Finally, the relationship between Liberty Counsel and Child Evangelism began in December 2003, which doesn't indicate a long-standing relationship that would influence the reasonable rates.

Based on the foregoing and taking into account the Brodziak factors, the court finds that the hourly rates requested by the Liberty Counsel attorneys are excessive and unreasonable. Accordingly, the court finds that the rates used to calculate the fee award in the present case shall be as follows: Staver, $275 per hour; Stanley, $250 per hour; Oster, $250 per hour; Corry, $250 per hour; and Thompson, $250 per hour. In addition, the court finds that Harms' requested rate of $225 per hour is reasonable for this market. Accordingly, Harms' fees will be calculated at his requested rate of $225 per hour. The court finds that the paralegal rate of $85 per hour and the law clerk rate of $90 per hour are reasonable.

For purposes of calculating the award of attorney's fees, and due to the varying rates attributed to each attorney, the court will attribute twenty percent of the 340 reasonable hours as found by this court to Staver and twenty percent to Harms. This percentage reflects the proportionate contribution of each attorney to the total work expended on behalf of Child

9

Evangelism. Based on this apportionment and the reasonable rates and hours as found by this court, attorney's fees in the amount of $87,229.50 are awarded to Child Evangelism for the litigation phase of the instant case. Of this amount, Liberty Counsel is awarded $71,156, and Harms is awarded $16,073.50.

Finally, the court finds that the Plaintiff's request for $38,989.50 in attorneys' fees resulting from 120.4 hours of work in the fees phase of the instant case is grossly excessive. "The prevailing party should not be awarded the cost of seeking attorneys fees where it appears that plaintiff has not made sufficient effort to minimize the cost of seeking said fees." Trimper, 846 F. Supp. 1308. The court granted the Defendant's motion for discovery regarding the attorneys' fees issue. However, the discovery period was extremely brief and the issues uncomplicated. Therefore, the court awards Child Evangelism $5,000 in attorneys' fees and $211.29 in costs for the fees phase of the instant case.

It is therefore

**ORDERED** that Child Evangelism is awarded attorney's fees in the amount of $92,229.50 and costs in the amount of $7,547.24.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
May 2, 2007